FILED

2016 FEB 18 PM 3:07

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES WHITE, on behalf of himself and those similarly situated,**

**Plaintiff,**

8:16-CV-385-T-33AEP

**vs.**

**SWAMPY'S BAR & GRILLE DUNNELLON LLC, AND CARLOS SANCHEZ, INDIVIDUALLY,**

**Defendants.**

_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JAMES WHITE, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, SWAMPY'S BAR & GRILLE DUNNELLON LLC, a Florida Corporation, and CARLOS SANCHEZ, Individually, and alleges:

1. Plaintiff, JAMES WHITE, on behalf of himself and those similarly situated, was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wage compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

2. Plaintiff, JAMES WHITE, was an hourly paid employee who worked at Defendant's property within the last three years for Defendant in Marion County, Florida.

3. Plaintiff, JAMES WHITE, worked for Defendants from approximately May 2014 to November 2015 as a tip credit hourly paid bartender.

4. Defendant, SWAMPY'S BAR & GRILLE DUNNELLON LLC, is a Florida Corporation that operates and conducts business in Marion County, Florida and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, CARLOS SANCHEZ is/was an individual resident of the State of Florida, who owned and operated SWAMPY'S BAR & GRILLE DUNNELLON LLC, and who regularly exercised the authority to: (a) hire and fire employees of SWAMPY'S BAR & GRILLE DUNNELLON LLC; (b) determine the work schedules for the employees of SWAMPY'S BAR & GRILLE DUNNELLON LLC, and (c) control the finances and operations of SWAMPY'S BAR & GRILLE DUNNELLON LLC. By virtue of having regularly exercised that authority on behalf of SWAMPY'S BAR & GRILLE DUNNELLON LLC, CARLOS SANCHEZ was/is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, SWAMPY'S BAR & GRILLE DUNNELLON LLC, earned more than five hundred thousand and 0/100 dollars ($500,000.00) per year in gross sales.

9. Defendant, SWAMPY'S BAR & GRILLE DUNNELLON LLC, employed roughly forty (40) employees and paid these employees plus earned a profit from their business.

10. During Plaintiff's employment, Defendant, SWAMPY'S BAR & GRILLE DUNNELLON LLC, employed at least two employees who handled goods, materials and supplies

which travelled in interstate commerce, such as food, drinks, alcoholic beverages, computers, phones, restaurant equipment and other items used to run the business.

11. Therefore, at all material times relevant to this action, Defendant, SWAMPY'S BAR & GRILLE DUNNELLON LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**FLSA Violations**

12. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked as well as to ensure that Plaintiff was paid the proper minimum wage for all hours worked.

13. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks and was not paid the minimum wage for all hours worked.

14. Plaintiff received less than minimum wage as the Defendant utilized the tip credit method of compensation since Plaintiff was a bartender/server.

15. However, Defendants enacted a tip pool arrangement that included one or more employees that does not customarily and regularly receive tips.

16. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime and minimum wages as described above.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

18. This action is intended to include each and every tip-credit paid bartender/server that

worked for Defendants within the last three years.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

19. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained within Paragraphs 1-18 above as though stated fully herein.

20. Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

21. During his employment with Defendants, Plaintiff and other similarly situated employees worked overtime hours but were not paid time and one-half compensation for same as a result of the allegations set forth in paragraphs ¶¶ 12-13 above.

22. Plaintiff was compensated at a reduced wage of six and 03/100 dollars per hour ($6.03/hour) due to Defendant claiming a tip credit.

23. Upon information and belief other similarly situated employees were paid at the reduced tip-credit hourly rate.

24. Defendant enacted a tip pool that included one or more employees that do not customarily or regularly receive tips in violation of the FLSA's tip-credit provisions.

25. Specifically, Defendant was providing tips from the tip pool to an employee with janitorial duties.

26. Therefore, Plaintiff and those similarly situated employees must be compensated at minimum wage for every hour plus the half-time premium for those hours worked in excess of forty (40) in a work week as Defendant violated section 203(3)(m) of the FLSA.

27. Plaintiff and other similarly situated employees were not compensated at a time and one-half rate for all hours worked in excess of forty (40) in one or more work weeks.

28. Plaintiff routinely worked forty-five (45) to fifty (50) hours per week during the

summer months.

29. Plaintiff believes other similarly situated employees worked similar hours as he did while employed by the Defendants.

30. Defendants did not have a good faith basis for their decision not to pay Plaintiff or those similarly situated employees full overtime compensation.

31. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff and other similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

32. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff or those similarly situated employees.

33. Also, Defendants failed to post the required FLSA informational listings as required for the Plaintiff or those similarly situated employees.

34. As a result of Defendant's willful violation of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages.

35. Plaintiff, on behalf of himself and those similarly situated demands a trial by jury.

WHEREFORE, Plaintiff, JAMES WHITE, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION**

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above as though fully stated herein.

37. Plaintiff is/was entitled under the FLSA to be paid minimum wage for each hour worked during their employment with Defendants.

38. During his employment with Defendants, Plaintiff was not paid complete minimum wages as a result of Defendants' practice of compensating Plaintiff $6.03 per hour by claiming a tip credit.

39. However, Defendant was distributing tips from a tip pool to one or more employees that did not regularly or customarily receive tips. *See* ¶¶ 12 & 14

40. As a result of these actions, Plaintiff was not paid the minimum wage for all the hours worked with Defendants in violation of the FLSA.

41. Defendants willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

43. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JAMES WHITE, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action,

declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff